UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD LOWE** | ) | Case Number |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | **CIVIL COMPLAINT** |
| | ) | |
| **NCO FINANCIAL SYSTEMS, INC.** | ) | |
| **&** | ) | **JURY TRIAL DEMANDED** |
| **GE CAPITAL RETAIL BANK** | ) | |
| **&** | ) | |
| **CONVERGENT OUTSOURCING** | ) | |
| | ) | |
| **Defendants** | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Harold Lowe, by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I.    INTRODUCTORY STATEMENT

1.   Plaintiff, Harold Lowe, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendants, NCO and Convergent for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and against Defendants, NCO and GE Capital Retail Bank for Breach of Contract as well as against all Defendants for Civil Conspiracy

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant, NCO, transacts business in this District and maintains a principal place of business is in this District.

## III. PARTIES

4. Plaintiff, Harold Lowe, (hereafter, Plaintiff) is an adult natural person residing in Reform, Alabama. At all times material and relevant hereto, Plaintiff is a ("consumer") as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, NCO Financial Systems, Inc. (hereafter, Defendant, NCO), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Alabama with a principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. Defendant, GE Capital Retail Bank (hereafter, Defendant, GE Capital), at all times relevant hereto, is and was a banking corporation providing financing solutions to consumers within but not limited to the States of Alabama and Georgia with a primary location at 4125 Windward Plaza Drive, Building 300, Alpharetta, GA 30005.

7. Defendant, Convergent Outsourcing (hereafter, Defendant, Convergent), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the States of Alabama and Washington, with a primary location at 800 SW 39th Street, Renton, WA 98057.

8.      Defendants, NCO and Convergent, are both engaged in the collection of debts from consumers using the telephone and mail.  Defendants, NCO and Convergent are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

9.      On or about October 24, 2013, Plaintiff along with assistance from a debt settlement company entered into a settlement arrangement with the Defendant, NCO, on a debt allegedly owed to Defendant, GE Capital.

10.     Plaintiff is said to have owed a balance of approximately $1,249.72.

11.     Plaintiff was offered the opportunity to settle the account for the lesser amount of $625.00 by Defendant, NCO on behalf of Defendant, GE Capital.

12.     Plaintiff agreed to make five (5) monthly payments beginning on or before October 31, 2013 and ending on or before February 28, 2014.

13.     In October, 2014, Plaintiff issued the first monthly payment in the amount of $373.00 as agreed to by Defendant, NCO.

14.     On or about October 25, 2013, Defendant, NCO, accepted and deposited this payment.

15.     Defendant, NCO, did not return this payment.

16.     In November, 2014, the Plaintiff issued the second payment in the amount of $105.00 as agreed.

17.     On or about November 20, 2013, Defendant, NCO, accepted and processed this payment.

18. Defendant, NCO, did not return this payment.

19. On or about December 2, 2013, Defendant, NCO, accepted and processed Plaintiff's third payment in the amount of $10.00, which was also made as agreed.

20. By mid January, 2014, Defendant, NCO, had not yet processed Plaintiff's January payment.

21. On or about January 29, 2014, a representative from Plaintiff's assisting debt settlement company contacted Defendant, NCO, to find out why the payment had not been cashed.

22. Defendant, NCO's agent, "Sara", stated that the account had been returned to Defendant, GE Capital, on or about December 15, 2013 and Defendant, NCO could no longer discuss the account.

23. On or about that same day, Plaintiff's debt settlement representative placed a call to Defendant, GE Capital, and spoke with agent, "Karl", who informed them that the account had since been turned over for collection to Defendant, Convergent.

24. On or about January 30, 3014, a call was placed to Defendant, Convergent, to ask if they planned to honor the account that was in place and already being paid as agreed by the Plaintiff.

25. Defendant, Convergent's agent, "Gwen Ellis" stated that the agreement would not be honored, as Convergent does not honor prior offers.

26. Defendant, Convergent, is seeking a balance of $761.72.

27. With the agreement made with Defendant, NCO, Plaintiff should owe only a balance of $137.00.

28.     Defendant, Convergent's agent, "Gwen Ellis", then offered a settlement of $300.68, more than double what should be owed.

29.     On or about February 7, 2014, on another call to Defendant, Convergent's agent, "Gwen Ellis", Plaintiff's debt settlement company attempted to explain that there had been no default on the Plaintiff's part and it is not a fair not to honor the settlement that is already in place.

30.     Although, agent, "Gwen Ellis", said that she agreed it was unfair, there was nothing she could do since Defendant, Convergent, does not and will not accept any prior offer terms on any account.

31.     Defendants, NCO and GE Capital, promised the Plaintiff the opportunity to participate in an agreed upon settlement.  Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.  The Defendants did not abide by the terms of this agreement.

32.     It is clear that all Defendants are working in concert to knowingly and willfully violate the FDCPA as a way to increase their financial gain.

33.     The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

34.     Defendant, NCO, knew or should have known that their actions violated the FDCPA.  Additionally, Defendant, NCO, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

35. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants herein.

36. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

37. As a result of Defendants conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff reputation, invasion of privacy, damage to Plaintiff credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - FDCPA

### *Plaintiff v. NCO and Convergent*

38. The above paragraphs are hereby incorporated herein by reference.

39. At all times relevant hereto, Defendants, NCO and Convergent were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

40. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

    §§ 1692d    Any conduct the natural consequence of which is to harass, oppress, or abuse any person

| | | |
|---|---|---|
| | §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| | §§ 1692e(2) | Any other false, deceptive, or misleading representation in communications regarding the character, amount, or legal status of the alleged debt |
| | §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| | §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect an alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, NCO Financial Systems, Inc. and Convergent Outsourcing, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II -BREACH OF CONTRACT

*Plaintiff v. NCO and GE Capital*

41. The above paragraphs are hereby incorporated herein by reference.

42. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants, NCO and GE Capital, promised to the Plaintiff the opportunity to participate in an agreed upon settlement.  Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

43. Plaintiff fulfilled her contractual obligation by making payment timely.

44. Defendants, NCO and GE Capital, failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, NCO and GE Capital, for the following:

a. Actual damages;

b. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III - CIVIL CONSPIRACY

*Plaintiff v. NCO, GE Capital and Convergent Outsourcing*

45. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs 9 through 43, inclusive, of this complaint as though fully set forth herein.

46. Plaintiff is informed and believes and therein alleges that Defendants, and each of them, entered into an agreement under which said Defendants, acting in concert, agreed to willfully or knowingly violate the FDCPA.

47. The acts of the Defendants, and each of them, were in furtherance of a conspiracy to violate a legal duty for their own financial gain.

48. Defendants had an independent duty to Plaintiff and all others similarly situated not to engage in said conduct and their conduct involves a conspiracy to violate a legal duty in furtherance of Defendants financial gain.

49. Defendants at all times did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

50. As a proximate result of the wrongful acts of the Defendants, and each of them, Plaintiff has been damaged in a sum according to proof and for attorney's fees, costs and interest according to proof.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, for the following:

    a. Actual damages;

    b. Statutory damages;

    c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: February 28, 2014**

**BY:** */s/Brent F. Vullings bfv8435*
Brent F. Vullings, Esq.
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
(P): 610-489-6060
(F): 610-489-1997
Attorney for Plaintiff